## CIRCUIT COURT OF DICKENSON COUNTY

Commonwealth of Virginia

    v.

Danny Hall

          Case Nos. (Felony) 3353, 3354

Commonwealth of Virginia

    v.

Gary Nowlin

          Case Nos. (Felony) 3337, 3338

          September 24, 1990

By JUDGE DONALD A. McGLOTHLIN, JR.

These cases are before the Court on the defendants' motions to quash the indictments returned against them for manufacture of marijuana and conspiracy to manufacture marijuana. Defendants contend that Va. Code § 18.2-262 affords them transactional immunity from prosecution as to the offenses charged because they have been called by the Commonwealth to testify on behalf of the Commonwealth at bond hearings conducted in this Court for two of their co-defendants and because of their testimony before a multi-jurisdictional grand jury impaneled at Wise County, Virginia, upon being subpoenaed by the Commonwealth and having given testimony concerning these offenses before that investigative body. The Commonwealth argues on the other hand that Va. Code § 19.2-215.7(B) which provides

only use immunity to a witness who is compelled to testify against his will after having expressly invoked his right not to incriminate himself, applies in these cases. The Commonwealth further argues that the transactional immunity afforded by § 18.2-262 is not applicable to these defendants because they have not testified at a trial but only at a preliminary proceedings, i.e., a bond hearing.

The facts are not in dispute and were stipulated by the parties. Both defendants testified voluntarily before the multi-jurisdictional grand jury upon subpoena from the Commonwealth about the charges with which they are now faced in this Court. Their testimony concerned co-defendants who were also indicted, partly based upon their evidence. Both defendants also voluntarily testified for the Commonwealth at two bond hearings without having been subpoenaed by the Commonwealth. They testified pursuant to agreements with the Commonwealth, which were either negotiated or in the process of being negotiated, for leniency in their respective cases in exchange for their cooperation. There is also no contest that the offenses with which the defendants are charged and with which their co-defendants were charged come within the purview of Section 18.2-262.

Va. Code § 18.2-262 provides in pertinent part:

> No person shall be excused from testifying . . . for the Commonwealth as to any offense alleged to have been committed by another under this article . . . by reason of his testimony . . . tending to incriminate himself, but the testimony given . . . by such person on behalf of the Commonwealth when called for by the trial judge or court trying the case, or by the attorney for the Commonwealth, or when summoned by the Commonwealth and sworn as a witness by the court or clerk and sent before the grand jury shall be in no case used against him nor shall he be prosecuted as to the offense as to which he testifies.

This statute requires no express invocation of a witness' Fifth Amendment right against self-incrimination, nor does it specify that the testimony which will trigger

the immunity must be given during the actual trial of the case. On the contrary, the statute provides that any testimony given on behalf of the Commonwealth called for by the attorney for the Commonwealth triggers the immunity.

Both defendants, Hall and Nowlin, testified on behalf of the Commonwealth at the bond hearings in the cases, *Commonwealth v. Robert Henon Fleming* and/or *Commonwealth v. Roscoe Phipps*. Their testimony concerned the very offenses with which they are now charged, manufacture of marijuana and conspiracy to manufacture marijuana. In those hearings, it was the Commonwealth's adamant position that the two defendants should not be admitted to bail because of the danger they posed to the community and to the witnesses who might be available to testify against them on behalf of the Commonwealth. The testimony of Messrs. Hall and Nowlin were vital to establishing the facts upon which the Commonwealth based its requests. There can be no doubt that their testimony was on behalf of the Commonwealth and called for by the Commonwealth Attorney. Therefore, these defendants are entitled to the immunity granted by the statute, and the indictments against them must be dismissed.

The Court having made its decision upon the foregoing grounds shall not render any opinion as to whether the defendants' testimony before the multi-jurisdictional grand jury under the circumstances of this case would have afforded them transactional immunity.